IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD DENVER HINMAN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>Defendants. | CV 16-00095-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Richard Hinman's Motion to Proceed in Forma Pauperis (Doc. 3) and a document entitled "Complaint Violation of Due Process of Law" (Doc. 1), which has been liberally construed as a proposed Complaint filed pursuant to 42 U.S.C. § 1983. The motion to proceed in forma pauperis will be granted, but the Complaint fails to state a claim upon which relief may be granted and is barred by the applicable statute of limitations. It should be dismissed.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Hinman filed a Motion to Proceed in Forma Pauperis and an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 3.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

1

Because he is incarcerated, Mr. Hinman must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Mr. Hinman submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016) ("the initial partial filing fee may not be exacted if the prisoner has no means to pay it."). Mr. Hinman will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Hinman must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Mr. Hinman is held to forward payments from Mr. Hinman's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Mr. Hinman is a state prisoner proceeding without counsel. He names the State of Montana, Governor Steve Bullock, Warden Leroy Kirkegard, Montana

Attorney General Tim Fox, and the Sixth Judicial Court. (Doc. 4.)

### B. Allegations

Mr. Hinman seeks to have this Court vacate his 1996 state court conviction in the Sixth Judicial Court. He alleges the state court violated his due process rights by not giving him a change of venue. He also alleges his due process rights were violated because Judge Byron Robb did not recuse himself from Mr. Hinman's criminal proceedings and his counsel was ineffective. (Doc. 4.)

## III. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standard

As Mr. Hinman is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46

3

(1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Analysis**

On March 4, 2015, Mr. Hinman filed a prior civil rights case against the State of Montana and the Montana Attorney General arguing that his due process

rights were violated because Judge Robb, the presiding judge in Hinman's 1994 criminal case, had also handled Hinman's divorce. *See Hinman v. State of Montana,* Civil Action No. 1:15cv00013-BLG-SPW; (Doc. 1). That case was dismissed on April 14, 2015, on the grounds that Hinman's claims were barred by the applicable statute of limitations and by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

On June 24, 2015, Mr. Hinman filed a second civil rights case in which he named different defendants but raised the same claims and again attempted to challenge a 20-year old criminal conviction. *See Hinman v. Cotter*, Civil Action No. 1:15cv57-BLG-SPW. That case was dismissed for the same reason.

Mr. Hinman is yet again attempting to challenge the same 20-year old criminal conviction for basically the same reasons raised in his two prior lawsuits. Therefore, for the reasons set forth in the Order dismissing Mr. Hinman's prior civil rights case, Civil Action No. 1:15cv13-BLG-SPW, (Doc. 9), Mr. Hinman's claims should be dismissed because they are barred by the applicable statute of limitations and by the *Heck* doctrine. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (statute of limitations for section 1983 claims is the state statute of limitations for personal-injury torts); Mont. Code Ann. § 27-2-204(1) (Montana statute of limitations for personal-injury torts is three years.); *Heck*, 512 U.S. 477,

486-87 ("in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged.).

**IV. CONCLUSION**

Mr. Hinman's claims are barred by the applicable statute of limitations and the *Heck* doctrine. These are not defects which could be cured by amendment. Accordingly, the Complaint should be dismissed.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated a "strike" because the failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199 (2007); *Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (a dismissal based upon statute of limitations constitutes a strike pursuant to 28 U.S.C. § 1915(g). In addition, the Court finds that the Complaint was maliciously filed because it

6

simply repeats previous litigation. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims.' " (citation omitted).)

This will be Mr. Hinman's third strike. Therefore, he will not be allowed to proceed in forma pauperis in any future actions while incarcerated unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**B. Address Changes**

At all times during the pendency of this action, Mr. Hinman must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Accordingly, the Court issues the following:

**ORDER**

1. Mr. Hinman's Motion for Leave to Proceed in forma pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on October 3, 2016.

Further the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be dismissed with prejudice.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Hinman's failure to file within the applicable statute of limitations and the repetitive nature of this litigation.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Hinman may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after

8

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of December 2016.

                                               */s/ John Johnston*
                                               John Johnston
                                               United States Magistrate Judge

---

the period would otherwise expire.