IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



| | |
|---|---|
| RICHARD DENVER HINMAN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>Defendants. | CV 16–95–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his Findings and Recommendations in this matter on December 16, 2016, recommending dismissal of Plaintiff Richard Hinman's ("Hinman") Complaint[1] filed pursuant to 42 U.S.C. § 1983. This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

---

[1] Hinman filed a document entitled "Complaint Violation of Due Process of Law" (Doc. 1), which was liberally construed by Judge Johnston as a proposed Complaint filed pursuant to 42 U.S.C. § 1983.

Notwithstanding the above, where a party's "objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [pleading] the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

Having reviewed Hinman's objection, the Court finds that he fails to articulate any specific issue with Judge Johnston's reasoning, and instead attempts to reargue the contentions raised in his Complaint where he asserts that individuals involved with his 1994 criminal case violated his due process rights. Because Hinman fails to specify objections to the Findings and Recommendations, it will be reviewed for clear error. 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court finds no clear error in Judge Johnston's conclusion that Hinman's claims should be dismissed because they are barred by the applicable statue of limitations and by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994).

Accordingly, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendations (Doc. 5) are ADOPTED IN FULL.

(2) This matter is DISMISSED with prejudice.

(3) The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(4) The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Hinman's failure to file within the applicable statute of limitations and the repetitive nature of this litigation.

(5) The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

Dated this 17th day of January, 2017.

Dana L. Christensen, Chief Judge
United States District Court